# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **SUSAN BUCHE AYERS** | : | CASE NO: |
| c/o Minnillo Law Group Co., LPA | | |
| 2712 Observatory Avenue | : | |
| Cincinnati, Ohio 45208 | | **Judge:** |
| | : | |
| **Plaintiff,** | | |
| | : | |
| vs. | | |
| | : | |
| **ANDREW JAMESON** | | |
| 69 Concord Avenue | : | |
| Ft. Thomas, Kentucky 41075 | | |
| | : | |
| And | | |
| | : | |
| **THE ALLSTATE CORPORATION** | | |
| c/o C/T Corporation System, R/A | : | **COMPLAINT** |
| 208 S. LaSalle St, Suite 814 | | |
| Chicago, Illinois 60604 | : | **(With Jury Demand)** |
| | | |
| And | : | |
| | | |
| **ANTHEM BLUE CROSS BLUE SHIELD** | : | |
| c/o C/T Corporation System, R/A | : | |
| 334 North Senate Ave | | |
| Indianapolis, Indiana 46204 | : | |
| | | |
| **Defendants.** | : | |

Plaintiff Susan Buche Ayers ("Ayers"), by and through her undersigned counsel, hereby files her Complaint against defendants Andrew Jameson ("Jameson"), The Allstate Corporation ("Allstate"), and Anthem Blue Cross Blue Shield ("Anthem").

## **PRELIMINARY STATEMENT**

1. This is an action for personal injuries arising from an automobile accident occurring on November 8, 2019 in Warren County, Ohio. Plaintiff seeks compensatory damages, recovery

for economic losses, punitive damages, and reasonable attorney fees and costs in this matter.

### I. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different States.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because it is the judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

### II. PARTIES

4. Plaintiff Susan Buche Ayers is an adult female citizen of Tennessee.

5. Defendant Andrew Jameson is an adult male citizen of Kentucky.

6. Defendant The Allstate Corporation is an Illinois corporation, which provided uninsured/underinsured motorist ("UM/UIM") benefit to Plaintiff.

7. Defendant Anthem Blue Cross Blue Shield is an Indiana corporation which has and/or may have a subrogation interest in this matter.

8. All parties in this matter are citizens of different States.

### III. STATEMENT OF FACTS

9. On or about November 8, 2019, Plaintiff Ayers was lawfully operating a motor vehicle in Mason, Warren County, Ohio, within this judicial district.

10. On or about November 8, 2019, Defendant Jameson failed to maintain an assured clear distance ahead and struck Plaintiff's vehicle in the rear, causing the motor vehicle accident.

11. Defendant Jameson's negligence proximately caused injury to Plaintiff.

12. Plaintiff in no way contributed to or was at fault for the accident at issue.

13. As a direct and proximate result of the November 8, 2019, accident, Plaintiff Ayers suffered and continues to suffer severe and permanent injuries, and lost wages.

### IV. STATEMENT OF CLAIMS

**COUNT I**
**Negligence**
**(Defendant Jameson)**

14. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

15. At all times materially relevant, Defendant Jameson owed Plaintiff a duty to operate his respective vehicle in a lawful and safe manner.

16. On or about November 8, 2019, on Mason-Montgomery Road in Mason, Warren County, Ohio Defendant Jameson negligently, recklessly and without due care operated a motor vehicle by failing to maintain an assured clear distance ahead, causing an accident with the motor vehicle driven by Plaintiff.

17. On or about November 8, 2019, Defendant Jameson breached his duty to operate his vehicle in a lawful and safe manner.

18. As a direct and proximate results of Defendant Jameson's negligence, Plaintiff Ayers suffered serious and permanent injuries to various parts of her body including physical and emotional pain and suffering.

19. Plaintiff has also suffered from a loss of employment wages.

20. As a direct and proximate result of Defendant Jameson's negligence, Plaintiff Ayers has and continues to incur reasonable and necessary medical expenses in an amount yet to be determined, and reasonably believes she will incur future and additional medical expenses.

21. Plaintiff Ayers is entitled to judgment against Defendant Jameson in an amount yet

to be determined, but in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs, as and for compensatory damages.

## COUNT II
### Uninsured/Underinsured Motorist Coverage
### (Defendant Allstate)

22. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

23. At the time of the above-described accident, upon information and belief, Plaintiff was insured by Defendant Allstate (*Policy no.: 826032264*). A copy of the policy of insurance is not attached but is rather maintained by Defendant Allstate.

24. Upon information and belief, this policy of insurance provided uninsured/underinsured motorist coverage and medical payments coverage to Plaintiff.

25. At the time of said accident, Defendant Jameson was uninsured/underinsured as defined in Defendant Allstate's contract of insurance.

26. Plaintiff is legally entitled to damages for her bodily injury claims in an amount yet to be determined, but in excess of Seventy-Five Thousand Dollars ($75,000) and is entitled to recover the damages under Defendant Allstate's policy described above.

## COUNT III
### Subrogation
### (Defendant ANTHEM)

27. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

28. Plaintiff had health insurance with Defendant Anthem on the dates of the above-described accident.

29. As a result of said accident, Defendant Anthem should pay, did pay, or may have paid some of Plaintiff's medical bills from the instant accident.

30. Defendant Anthem is or may be subrogated to a portion of Plaintiff Ayers' claims against Defendant Jameson and should be required to continue to pay its obligation and/or assert its interests or otherwise be forever barred from doing so as to any party hereto.

31. Plaintiff demands that Defendant Anthem be required to continue to pay its obligation and/or assert any interest said Defendant may have in the instant manner or otherwise be forever barred in doing so as to any party hereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants Jameson and Allstate in an amount to be determined, but no less than Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs, each.

Plaintiffs pray that Defendant Anthem be required to assert any interest it may have in the instant matter or otherwise be forever barred from doing so as to any party hereto.

Additionally, Plaintiff prays for an award of her costs, lost wages, expenses and attorney's fees incurred herein and any other relief this Court deems just and equitable.

Respectfully submitted,

*/s/ Robb S. Stokar*
Robb S. Stokar (0091330)
Stuart W. Penrose (0090964)
Minnillo Law Group Co., LPA
2712 Observatory Avenue
Cincinnati, OH 45208
Tel: (513) 723-1600
Fax: (513) 723-1620
rss@mlg-lpa.com
swp@mlg-lpa.com
*Counsel for Plaintiff Susan Buche Ayers*

## JURY DEMAND

Plaintiff hereby demands that all issues of fact in the foregoing Complaint be tried to a jury.

                                              /s/ Robb S. Stokar
                                              Robb S. Stokar (0091330)